UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VANDERLEI CUNHA,<br><br>       Plaintiff,<br><br>vs.<br><br>LVNV FUNDING, LLC, AND KEVIN BRANIGAN<br><br>       Defendants. | CIVIL ACTION NO.:  13-cv-11418 |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS.

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant, LVNV Funding, LLC ("LVNV"), hereby removes to this Court the above-entitled action based upon the following supporting grounds:

1. On or about April 4, 2013, an action ("the Complaint") was commenced against LVNV in the Trial Court of the Commonwealth of Massachusetts, Small Claims Session (Clinton), captioned *Vanderlei Cunha v. LVNV Funding, LLC*, 1368-sc-00027.  A copy of the Complaint, and all other pleadings and process served on GC Services are attached as Exhibit A.

2. On or about May 14, 2013, LVNV was served with a copy of the Complaint.

3. Removal is timely under 28 U.S.C. § 1446(b), as fewer than 30 days have elapsed since LVNV was served with process. *See, e,g.*, *Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999) ("one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend").

4. In his Complaint, Plaintiff has asserted, *inter alia*, claims under the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"). (Exhibit A).

5. The FDCPA is a federal statute, codified at 15 U.S.C. § 1692 et seq., which sets forth numerous restrictions and provisions concerning the collection of a consumer debt. *See generally* 15 U.S.C. § 1692.

6. The FDCPA contains a jurisdictional provision providing the United States District Courts with original jurisdiction over claims brought pursuant to its provisions, and provides as follows: "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regarding to the amount in controversy… within one year from the date on which the violation occurs." *See* 15 U.S.C. § 1692k(d).

7. The FCRA is also a federal statute, codified at 15 U.S.C. § 1681 et seq., and governs the reporting and disclosure of credit information. *See generally* 15 U.S.C. § 1681.

8. Pursuant to 28 U.S.C. § 1331, the Court has original jurisdiction over this matter as the Plaintiff's claims under the FDCPA and FCRA arise under the laws of the United States. Additionally, Plaintiff's state law claims relate almost exclusively to those claims under the FDCPA and FCRA, and do not raise novel or complex issues of state law or otherwise predominate over Plaintiff's claims under the FDCPA and FCRA. Accordingly, this Court has supplemental jurisdiction over all other related claims pursuant to 28 U.S.C. § 1367(a). *See, e.g.*, *Krasnor v. Spaulding Law Office*, 675 F. Supp. 2d 208, 213-14 (D. Mass. 2009) (exercising supplemental jurisdiction over invasion of privacy claim related to plaintiff's FDCPA claim)

9. Removal of this action to this Court is permissible under the provisions of 28 U.S.C. § 1441 in that it is a civil action founded on a claim or right arising under the laws of the

United States. *See, e.g.*, *Fallas v. Cavalry SPV I, LLC*, 2013 WL 1811909 at *1 (D.N.J. Apr. 29, 2013) (on removal, court had "federal question jurisdiction…based upon the FDCPA and FCRA claims"); *Young v. American Servicing, Co.*, 2011 WL 5102423 at *1 (E.D. Mo. Oct. 27, 2011) ("plaintiff alleges violations… of the FDCPA and FCRA, both laws of the United States.  Thus, the federal courts have original jurisdiction of the action, and it can be removed")

10. Furthermore, the state causes of action are so related to the claim under 47 U.S.C. § 227 that they form part of the same case or controversy under Article III of the United States Constitution.

11. Kevin Branigan consents to the removal of this action.  A copy of Kevin Branigan's consent is attached hereto as Exhibit B.

12. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this removal notice will be given to Plaintiff and will be filed with the Clerk of Courts for the Clinton District Court, following the filing of this Notice.

13. In submitting this Notice of Removal, LVNV reserves all defenses.

WHEREFORE, Defendant, LVNV Funding, LLC, hereby removes this action from the Trial Court of the Commonwealth of Massachusetts, Small Claims Session (Clinton), to the United States District Court for The District of Massachusetts.

Respectfully submitted,
LVNV FUNDING, LLC
By Its Attorneys,

*/s/ Andrew M. Schneiderman*
Ranen S. Schechner, BBO #655641
rschechner@hinshawlaw.com
Andrew M. Schneiderman, BBO #666252
aschneiderman@hinshawlaw.com
Hinshaw & Culbertson LLP
28 State Street, 24th Floor
Boston, MA 02109

Date: June 13, 2013     617-213-7000

## CERTIFICATE OF SERVICE

I, Andrew M. Schneiderman, hereby certify that on this 13th day of June 2013, I served a true and accurate copy of the foregoing document to counsel of record via First Class mail as follows:

L. Dean Penders
113 Regent St. No. 2
Boston, MA, 02119

/s/ *Andrew M. Schneiderman*
Andrew M. Schneiderman

34353155v1 0946659