UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VANDERLEI CUNHA,                    )
    Plaintiff,                     )
                      )
        v.                     )   C.A. No. 13-11418-MLW
                      )
LVNV FUNDING, LLC                   )
    Defendant.                     )

## MEMORANDUM AND ORDER

WOLF, D.J.                                  September 30, 2015

Plaintiff Vanderlei Cunha brought this action against Defendant LVNV Funding, Inc. ("LVNV") alleging four counts of violations of federal and state consumer protection laws. Cunha brings his claims under the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), and Massachusetts General Laws Chapter 93A ("Chapter 93A"). Cunha also alleges violations of Mass. Gen. Laws ch. 93, §24A, 940 Mass. Code Regs. 7.01 et seq., and 209 Mass. Code Regs. 18.01 et seq., which the parties collectively refer to as the Massachusetts FDCPA ("MFDCPA"). LVNV has filed a Motion to Dismiss, raising multiple challenges to each of Cunha's claims. For the reasons explained below, the court is denying in part and allowing in part LVNV's motion to dismiss.

## I. BACKGROUND

Cunha brought this case in the Small Claims Division of the Clinton District Court for the Commonwealth of Massachusetts on

April 5, 2013.  State Court Record at 2.  Cunha refiled on May 9, 2013,[1] and LVNV was served on May 14, 2013.  LVNV removed the case to this court on June 13, 2013.  LVNV subsequently moved to dismiss for failure to state a claim.  The court denied LVNV's motion and ordered Cunha to amend his complaint.  Cunha subsequently submitted the operative Amended Complaint ("Amended Complaint"), and LVNV filed the pending Motion to Dismiss.

In the Amended Complaint, Cunha alleges that on March 18, 2011, LVNV attempted to collect a debt from Cunha.  Cunha alleges that LVNV reported the debt, in its own name, to consumer reporting agencies TransUnion and Experian.  Cunha disputed the debt with both TransUnion and Experian.  LVNV subsequently informed the consumer reporting agencies that the debt was "verified," even though it allegedly lacked information to support this representation and did not investigate the debt as required by the FCRA, 15 U.S.C. §1681s-2.

On September 26, 2011, LVNV filed a small claims action against Cunha in the Clinton District Court to collect on the debt.  According to the Notice of Small Claim, the debt was originally held by Best Buy, in the amount of $1,193.42.  Ex. B to Def.'s Mem.  LVNV obtained a default judgment in its debt collection suit.

---

[1] See Ex. A to Am. Compl.  The parties have not explained why Cunha refiled his Small Claims complaint.

However, the default judgment was vacated on April 23, 2013, on the grounds that Cunha had never received the complaint. LVNV later withdrew the suit. Cunha alleges that LVNV knew it could not prove its claim in court and only brought the suit to obtain a default judgment or pressure Cunha into settling. Cunha further alleges that this is a routine practice employed by LVNV.

On February 21, 2012, Cunha requested validation of the debt under the FDCPA, 15 U.S.C. §1692g, and 940 Mass. Code Regs. 7.08. He also asked LVNV to cease reporting the debt to consumer reporting agencies in its own name, citing 209 Mass. Code Regs. 18.17(11). At the same time, Cunha sent a Demand Letter pursuant to Chapter 93A. Cunha sent a second validation request on May 24, 2012. He alleges that LVNV did not respond to either request or the 93A demand.

Cunha alleges four counts in the Amended Complaint. In Count I, he asserts violations of the FCRA based on LVNV's alleged failure to investigate and wrongful verification of the disputed debt. In Count II, he alleges that LVNV's debt collection suit violated the FDCPA and the MFDCPA. In Count III, he alleges violations of the FDCPA, the FCRA, and the MFDCPA based on LVNV's "illegal collection attempt through Credit Reporting Agencies." In Count IV, he alleges "unfair and deceptive business practices," which this court understands to be a Chapter 93A claim.

## II.   MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief."  This pleading standard does not require "detailed factual allegations," but does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The complaint must "give the defendants notice of the nature of the claim against them," but "'need not point to the appropriate statute or law in order to raise a claim for relief.'"  Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 91 (1st Cir. 2014) (quoting Morales-Vallellanes v. Potter, 339 F.3d 9, 14 (1st Cir. 2003)).

A motion to dismiss should be denied if a plaintiff has shown "a plausible entitlement to relief."  Twombly, 550 U.S. at 559. That is, the complaint must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

In considering a motion to dismiss under Rule 12(b)(6), the court must "take all factual allegations as true and . . . draw all reasonable inferences in favor of the plaintiff." Rodriguez-Ortiz v. Marao Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007); Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009).  The court "neither weighs the evidence nor rules on the merits because the issue is not whether plaintiffs will ultimately prevail, but whether they are entitled to offer evidence to support their claims." Day v. Fallon Cmty. Health Plan, Inc., 917 F. Supp. 72, 75 (D. Mass. 1996).

"Under Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated into the complaint." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009); Rodi v. S. New Eng. School of Law, 389 F.3d 5, 15 (1st Cir. 2004) (considering letters attached to the complaint in evaluating a motion to dismiss).  However, there are "narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiff['s] claim; or for documents sufficiently referred to in the complaint." Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993).  The "public records" exception encompasses "'documents from prior state court adjudications.'" Giragosian v. Ryan, 547 F.3d 59, 66 (1st Cir. 2008) (quoting

<u>Boateng v. InterAmerican Univ., Inc.</u>, 210 F.3d 56, 60 (1st Cir. 2000)).

III. ANALYSIS

    A. <u>FCRA Claims</u>

    In Counts I and III, Cunha alleges that LVNV violated the FCRA by failing to investigate his debt and misreporting it as "verified" to consumer reporting agencies. LVNV argues that Cunha fails to state a claim because he does not identify a specific subsection of the FCRA under which he is bringing his claims. LVNV also argues that Cunha's claim fails because he does not allege that a consumer reporting agency informed LVNV of the dispute over the debt. Dismissal is not appropriate on either ground.

    1. <u>Failure to Identify a Specific Statutory Provision</u>

    Federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." <u>Johnson v. City of Shelby, Miss.</u>, 135 S. Ct. 346, 347 (2014) (per curiam) (reversing dismissal for failure to cite 42 U.S.C. §1982 as cause of action). A complaint will survive a motion to dismiss as long as it "give[s] the defendants notice of the nature of the claim against them." <u>Ruivo</u>, 766 F.3d at 91; <u>Miller v. Shawmut Bank of Boston, N.A.</u>, 726 F. Supp. 337, 342 (D. Mass 1989) ("Failure to allege a specific statute is not fatal where the complaint sets out a generalized statement of facts from

6

which defendants will be able to frame a responsive pleading."
(internal quotation mark omitted)).

The Amended Complaint gives LVNV adequate notice that Cunha
is pursuing a claim under 15 U.S.C. §1681s-2(b).  Counts I and III
identify the FCRA as a relevant statute.  <u>See</u> Am. Compl. at 3, 6.
Both Counts allege that LVNV provided inaccurate information to
consumer reporting agencies.  <u>Id.</u> ¶¶ 14-19, 52-53.  Finally, Count
I alleges that LVNV failed to conduct an investigation before
reporting an account as verified to consumer reporting agencies.
<u>Id.</u> ¶¶ 14, 18.  Because §1681s-2(b) governs information provided
to consumer reporting agencies, the court finds that these
allegations are sufficient to direct LVNV to that subsection.
Indeed, LVNV's submissions indicate that LVNV recognized Cunha's
§1681s-2(b) claim.  <u>See</u> Def.'s Mem. at 7-8.

> 2. <u>Failure to Allege That LVNV was Informed of the Dispute by
> a Consumer Reporting Agency</u>

Section 1681s-2 does not provide a private right of action to
consumers who dispute credit information directly with a furnisher
of information.  <u>See</u> <u>Chiang v. Verizon New England Inc.</u>, 595 F.3d
26, 35 (1st Cir. 2010).  Section 1681s-2 only provides a cause of
action "if [a consumer reporting agency], acting as a gatekeeper,
has previously notified the furnisher of the consumer's dispute."
<u>Chiang v. MBNA</u>, 620 F.3d 30, 30 (1st Cir. 2010).  Therefore, failure
to allege that a consumer reporting agency informed the furnisher

7

of the dispute is fatal to a plaintiff's complaint.  Cf. id. at 31 (granting summary judgment where consumer reporting agency never sent notice of dispute to furnisher).   To state a claim under §1681s-2, a plaintiff must allege that "he contacted [the] credit reporting agency [and] that the agency, in turn, got in touch with . . . the defendants."  Gibbs v. SLM Corp., 336 F. Supp. 2d 1, 12 (D. Mass. 2004).

Cunha alleges that he disputed his debt with TransUnion and Experian.  Am. Compl. ¶¶ 12, 16.  He also alleges that, sometime later, LVNV informed both consumer reporting agencies that the account was verified.  Id. ¶¶ 13, 17.  It is reasonable to infer that the agencies contacted LVNV in response to the disputes, because they are legally obligated to do so.  See 15 U.S.C. §1681i(a)(2) (within 5 days of a dispute, "the [consumer reporting] agency shall provide notification of the dispute to any person who provided any item of information in dispute").  The court concludes that Cunha has adequately alleged that the consumer reporting agencies notified LVNV of the disputed debt.

### B. FDCPA Claims

In Counts II and III, Cunha alleges that LVNV's debt collection suit and reporting practices, respectively, violated the FDCPA.  LVNV argues that Cunha's FDCPA claims are barred by the statute of limitations and that Cunha has not properly plead

8

that he incurred a consumer debt.    Neither theory warrants
dismissal.

### 1. Statute of limitations

A defendant may move to dismiss on the statute of limitations,
"provided that the facts establishing the defense are clear on the
face of the plaintiff's pleadings." Trans-Spec Truck Svc., Inc.
v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008) (citations
and internal quotation marks omitted).    "Granting a motion to
dismiss based on a limitations defense is entirely appropriate
when the pleader's allegations leave no doubt that an asserted
claim is time-barred." LaChapelle v. Berkshire Life Ins. Co., 142
F.3d 507, 509 (1st Cir. 1998).    Conversely, dismissal is
inappropriate when the complaint "sketch[es] a factual predicate
that would warrant the application of either a different statute
of limitations period or equitable estoppel." Trans-Spec Truck,
524 F.3d at 320.

The FDCPA has a one-year statute of limitations from the date
of the violation. See 15 U.S.C. §1692k(d). An FDCPA claim arising
from a debt collection suit accrues when the plaintiff is put on
notice of the alleged violation, generally by the filing or service
of the complaint in the debt collection suit.    See Johnson v.
Riddle, 305 F.3d 1107, 1113 (10th Cir. 2002) (claim accrues on
date of service); Naas v. Stolman, 130 F.3d 892, 893 (9th Cir.
1997) (claim accrues on date of filing); cf. Williams v. Litton

Loan Servicing, 10-cv-11866-MLW, 2011 WL 3585528, at *3 (D. Mass. Aug. 15, 2011) (declining to toll limitations period where plaintiff was on notice of alleged FDCPA violation).

With regard to Count II, LVNV filed its debt collection suit in Massachusetts Small Claims Court on September 26, 2011. Cunha filed his Statement of Small Claim on April 5, 2013. Cunha alleges that "he was never served the [c]omplaint" in LVNV's debt collection suit. Ex. B to Am. Compl. at 15. Therefore, he "sketches a factual predicate" indicating that the limitations period for the FDCPA claims set out in Count II began sometime after LVNV filed its suit.[2] See Trans-Spec Truck, 524 F.3d at 320.

With regard to Count III, Cunha alleges that he last sought validation of the disputed debt on May 24, 2012. Ex. B to Am. Compl. at 17. Cunha further alleges that LVNV did not reply to this request. Id. These allegations establish a plausible claim for a violation of the FDCPA within the one-year limitations

---

[2] In his Opposition to the Motion to Dismiss, Cunha asserts for the first time that he learned about LVNV's lawsuit on April 23, 2012. Pl.'s Mem. at 3. He also asserts that he filed counter-claims, thereby tolling the statute of limitations. Id. at 6. The court cannot consider these assertions without converting the motion to dismiss to a motion for summary judgment, which it declines to do at this time. See Cooperativa de Ahorro y Credito Aguada v. Kidder, Peabody & Co., 993 F.2d 269, 272-73 (1st Cir. 1993).

period. See Williams, 2011 WL 3585528, at *3 (calculating FDCPA limitations period from the latest violation).

The court does not find that the Amended Complaint "leave[s] no doubt" that Cunha's FDCPA claims are timed barred. See LaChapelle, 142 F.3d at 509. However, LVNV may renew its limitations argument following discovery.

### 2. Failure to Allege Consumer Debt

In order to succeed on an FDCPA claim, a "plaintiff must prove that (1) [he] was the object of collection activity arising from consumer debt, (2) defendant[] [is a] debt collector[] as defined by the FDCPA, and (3) defendant[] [has] engaged in an act or omission prohibited by the FDCPA."[3] Som v. Daniels Law Offices, P.C., 573 F. Supp. 2d 349, 356 (D. Mass. 2008). A consumer debt is an "obligation or alleged obligation of a consumer to pay money arising out of a transaction" the subject of which is "primarily for personal, family, or household purposes." 15 U.S.C. §1692a(5). The FDCPA does not apply to the collection of non-consumer debt. Roberts v. Cirone, No. 10-cv-10732-MLW, 2010 WL 2573203, at *2 (D. Mass. June 23, 2010).

---

[3] LVNV does not dispute that it is a debt collector under the FDCPA. It does argue in a footnote that it is not required by state law to obtain a debt collector license. Def.'s Mem. at 10 n.9. Because this issue is not dispositive of any of Cunha's claims, the court is not deciding it now.

According to the Statement of Small Claim in LVNV's debt collection suit, the original creditor of the disputed debt was Best Buy.  See Ex. B to Def.'s Mem.[4]  The debt was in the amount of $1,193.42.  Id.  Although a customer might make a purchase at Best Buy for business purposes, it is reasonable to infer based on the seller and the amount of the alleged debt that it was for "personal, family, or household purposes."  See Bodur v. Palisades Collection, LLC, 829 F. Supp. 2d 246, 257. (S.D.N.Y. 2011) (finding debt for $1,126, owed to AT&T by individual, was a consumer debt despite lack of direct proof).  Therefore, LVNV's argument is not meritorious.[5]

### C. MFDCPA and Chapter 93A Claims

In Counts II and III, Cunha alleges that LVNV violated the MFDCPA, which is enforceable through Chapter 93A.  In Count IV, Cunha appears to allege a freestanding Chapter 93A claim for "unfair and deceptive business practices."  In response, LVNV raises four grounds for dismissal.

---

[4] The court may consider these proceedings because they are a matter of public record. See Giragosian, 547 F.3d at 66.

[5] LVNV's argument that Cunha fails to allege that he incurred a debt at all is not persuasive.  Cunha acknowledges that LVNV claims a debt exists, but disputes the validity of that claim.  See Compl. ¶¶ 12, 16.  "[A]n attempt to collect a debt from a non-debtor constitutes a false representation as to the character or status of the debt in violation of [the FDCPA]."  Bodur, 829 F. Supp. 2d at 254 (internal quotation marks omitted).

First, LVNV contends that Cunha's MFDCPA claims fail because he did not allege that the disputed debt was incurred "primarily for personal, family, or household purposes." See Mass. Gen. Laws ch. 93, §24; 940 Mass. Code Regs. 7.03; 209 Mass. Code Regs. 18.02. Again, the record of LVNV's debt collection suit permits the reasonable inference that this requirement is met.

Next, LVNV argues that Cunha failed to allege damages for the alleged MFDCPA violations. A plaintiff asserting a Chapter 93A claim based on a violation of state law must establish that the violation caused a loss. See Hershenow v. Enter. Rent-A-Car Co. of Boston, Inc., 445 Mass. 790, 798 (2006). Here, Cunha has alleged a loss of $1,725, incurred when he opposed LVNV's allegedly abusive debt collection suit. Am. Compl. at 9. This is sufficient to sustain his Chapter 93A claims. Cunha also alleges that he suffered "time off from work, denial of credit, unfavorable credit terms, humiliation and defamation of character." Ex. A to Am. Compl. at 18. These allegations support his Chapter 93A claim as well. See Young v. Wells Fargo Bank, N.A., 717 F.3d 224, 241 (1st Cir. 2013) (non-economic injuries may be cognizable under Chapter 93A); Gathuru v. Credit Control Servs., Inc., 623 F. Supp. 2d 113, 123 (D. Mass. 2009) (finding injury where payment demand letters "would be likely to have some kind of negative impact on the recipient, particularly in terms of assertion of legal rights or financial decision-making"). But see Motto v. Gary H. Kreppel,

P.C., No. 11-cv-11662-RWZ, 2012 WL 2122183, at *1 (D. Mass. June 11, 2012) (unpublished) (rejecting similar claim).

Third, LVNV argues that "[t]o the extent Plaintiff's Chapter 93A claim is based upon his FDCPA claim, it must be dismissed in light of the absence of an actionable FDCPA claim." Def.'s Mem. at 10. As described earlier, Cunha's FDCPA claims are not being dismissed. Therefore, his Chapter 93A claims are not being dismissed on this ground.

Finally, LVNV argues that "[t]o the extent Plaintiff's Chapter 93A claim is predicated upon any alleged FCRA violation, this claim must be dismissed as such claims are preempted by the FCRA." Id. LVNV is correct.

The FCRA provides that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 . . . ." 15 U.S.C. §1681t(b)(1)(F). Chapter 93A is "a requirement imposed by state law." Leet v. Cellco P'ship, 480 F. Supp. 2d 422, 434 (D. Mass. 2007). To the extent Cunha's Chapter 93A claim is premised on unfair credit reporting, failure to correct credit information, or failure to investigate a disputed debt, it is pre-empted by the FCRA. See id. To the extent Cunha's claim is based on other unfair and deceptive debt collection practices, it survives. See Cremaldi v. Wells Fargo Bank, N.A., No. 13-cv-11767-MLW, at *34-*35 (D. Mass. Mar. 31, 2013) (unpublished).

14

IV.   ORDER

In view of the foregoing, it is hereby ORDERED that:

1.   LVNV's Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 18) is ALLOWED in part and DENIED in part.  Plaintiff's Chapter 93A claims premised on unfair credit reporting, failure to correct credit information, or failure to investigate a disputed debt are DISMISSED.

2.   This case is REFERRED to the Magistrate Judge for pretrial purposes or, if the parties consent, for all purposes.

UNITED STATES DISTRICT JUDGE

15